NELSON, Trustee, v. HOLLINS, BURTON & CO.

MARRIED WOMEN. *Separate estate. Profits.* The profits and accretions of a wife's separate estate in land enure to the wife, and cannot be seized for the husband's debts, unless it be clearly shown by the creditor that the wife has relinquished to the husband her separate interest in said profits and accretions.

FROM RUTHERFORD.

Appeal from the Circuit Court of Rutherford county. W. H. WILLIAMSON, J.

SHEAFE & ENGLES for plaintiff.

RIDLEY & RIDLEY and BURTON & McNEELLY for defendant.

SNEED, J., delivered the opinion of the court.

This action of replevin was brought by S. B. Nelson, a trustee for his wife, Sarah H. Nelson, to try the title to certain horses, mules, and other property, levied upon by a constable of the county of Rutherford at the suit of the defendants. The property is claimed by Mrs. Nelson as of her separate estate, and was seized as the individual property of her husband. Mrs. Nelson had and held a separate estate in a tract of land upon which the family lived, and there was testimony tending to show that the property replevied was purchased with the profits and proceeds of the farm. Upon these facts the court charged the jury that if they believed, from the proof, that the property levied on and replevied was purchased or produced by the profits of the lands held by S. B. Nelson, as trustee for his wife, such property would not be liable for the husband's debts.

Property thus acquired from the use of land, which was held by the husband for the sole and separate use of the wife, would be impressed with the same trusts in her favor in the hands of the husband as the land itself, and the said Nelson, as trustee of his wife, could maintain replevins to protect the possession of it against his own creditors. These instructions, in the opinion of the court, are correct. The separate estate in the soil vested in the wife such an interest in the profits and accretions thereof that she might assert against her husband and all the world, and the courts would protect her in the enjoyment of these profits and accretions, if it appears that they were the product of the separate estate, and she had never parted

Nelson *v.* Hollins, Burton & Co.

with her interest in them in any way to her husband. The separate estate in the soil intended for the support and maintenance of the wife, would be of very little utility to her, if her husband or his creditors could deprive her of that alone which makes it valuable, its profits and accretions. The exclusive right to the soil draws to it the exclusive right to the usufruct thereof. This she may relinquish to her husband if she chooses, but if it be clear that her land produced the profits and accretions that bought the chattels in dispute, then a very clear case must be made, by the party seeking to subject them to the husband's debts, that she has relinquished them to him. The mere fact of his controlling the property or directing the management of her farm is no evidence of such ownership. The law presumes that he is acting as her agent, and the conjugal relation would make it his duty to protect and utilize her separate estate for her benefit. If property thus produced is claimed by the creditors of the husband, they must show his right, for the presumption would be the other way. She must be shown to have lost her individuallity in respect to that part of her separate estate, by relinquishing it some way to her husband. We are satisfied with his honor's charge and hold it to be a strictly accurate statement of the law. But, upon the facts of the case, we must hold that the verdict and judgment are erroneous.

The witness, Lafayette Nelson, son of the plaintiff, states generally that all the property replevied was bought with the proceeds of the farm—but, when he undertakes to state the facts in detail on cross-examin-

ation, he fails to make good his more general state-ment as to a part of the property. The mare spoken of he says was brought by my father and mother from Cannon county, and is the dam of the mules replevied in this cause. I was quite small and do not remember who bought and paid for her. The verdict, as to this part of the property, was against the evidence, and for this a new trial must be awarded.

Reverse the judgment.